**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ludivine Farouault et al., | No. CV-24-08159-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| American Aviation Incorporated et al., | |
| Defendants. | |

Before the Court is Defendant Go West Tours Incorporated's ("Defendant Go West") Motion to Dismiss. (Doc. 21), Plaintiffs' Response (Doc. 24), and Defendant Go West's Reply. (Doc. 25). The Court now rules as follows.

**I.    BACKGROUND**

This case arises out of an airplane crash that took place in Cococino County, Arizona, on August 13, 2022. (Doc. 1 at 4). The passengers were French tourists who took a sightseeing flight tour on a charter plane over Lake Powell. (*Id.* at 5). The passengers' trip was organized with Defendant Go West, who contracted the flight tour with Defendant American Aviation Incorporated ("Defendant American Aviation"). (*Id.*). Plaintiffs allege that Defendant American Aviation had a history of flight crashes requiring investigation— including a 2014 crash that resulted in the death of a French citizen—and numerous violations of state and federal flight regulations. (*Id.* at 4–5). Defendant Go West's employee, Defendant Dame Seck, collected and confirmed various information about the passengers to Defendant American Aviation, and Defendant Go West transported the

passengers to the sightseeing flight. (*Id.* at 5–6). The flight crashed into Lake Powell and caused the death of two passengers, Lionel Farouault and Francois Adinolfi, and caused physical injuries to Plaintiffs Ludivine, Emeline, and Clarence Farouault and Charlene Papia. (Doc. 1 at 6).

On August 9, 2024, Plaintiffs filed suit in federal court pursuant to 28 U.S.C. § 1332(a). (*Id.* at 3). Along with Plaintiffs Ludivine, Emeline, and Clarence Farouault and Charlene Papia, Plaintiffs include Marguerite Farouault, Claude Adinolfi, and Christine Duputel, relatives of the deceased passengers. (*Id.* at 1). Plaintiffs bring various negligence claims arising from their personal injuries and the wrongful deaths of the decedents. (*Id.* at 7, 9, 12). Defendant Go West filed the present Motion on October 10, 2024. (Doc. 21).

## II.   LEGAL STANDARD

"To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8." *Jones v. Mohave Cnty.*, No. CV 11-8093-PCT-JAT, 2012 WL 79882, at *1 (D. Ariz. Jan. 11, 2012); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) (Rule 12(b)(6) provides "the one and only method for testing" whether pleading standards set by Rule 8 and 9 have been met); *Hefferman v. Bass*, 467 F.3d 596, 599–600 (7th Cir. 2006) (Rule 12(b)(6) "does not stand alone," but implicates Rules 8 and 9). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *In re Sorrento Therapeutics, Inc. Sec. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024) (citation omitted). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT*

*Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). "Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation." *Jones*, 2012 WL 79882, at *1 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### III.   DISCUSSION

Defendant Go West moves to dismiss Plaintiffs' Count Two – Negligence, Negligent Infliction of Emotional Distress, and Gross Negligence Claims. (Doc. 21 at 1). Plaintiffs' claims are based on Defendant Go West's alleged conduct and Defendant Dame Seck's conduct pursuant to a theory of vicarious liability. (Doc. 1 at 9). Plaintiffs allege that Defendant Go West owed a duty to Plaintiffs via a common carrier-passenger relationship and a fiduciary duty as Plaintiffs' agent or arising out of contract. (*Id.* at 10). Plaintiffs further allege that Defendant Go West breached its common carrier and fiduciary duties by failing to investigate Defendant American Aviation's safety record and/or affirmatively and falsely representing the tour's safety; contracting with and recommending Defendant American Aviation to Plaintiffs; failing to disclose or warn passengers of Defendant American Aviation's poor safety and maintenance record; and by "willfully, wantonly, consciously, voluntarily, and/or recklessly disregarded its obligations described in this Complaint." (*Id.* at 10–11). The alleged breach of Defendant Go West's duties caused the Plaintiffs Ludivine, Emeline, and Clemence Farouault and Charlene Papia to experience harm and suffer emotional distress. (*Id.* at 11–12).

Defendant Go West argues that Plaintiffs' negligence and gross negligence claims against must be dismissed because it did not owe a duty of care to Plaintiffs as a common carrier, an agent, nor by way of a special relationship based on contract. (Doc. 21 at 2). Defendant Go West further alleges that Plaintiffs fail to properly bring the wrongful death claims, as a wrongful death claim may only have a single plaintiff under Arizona law, and that Plaintiff Charlene Papia failed to allege facts sufficient to state a claim for negligent infliction of emotional distress. (Doc. 21 at 12).

### a.   Evidence Outside the Pleadings

As a threshold matter, Plaintiffs appear to request the Court to convert the present

3

Motion to a motion for summary judgment in their Response in order to present evidence outside the pleadings. (Doc. 24 at 4–5). Specifically, Plaintiffs seek to submit (1) promotional materials prepared by Defendant Go West (Doc. 24-1); (2) welcome papers distributed by Defendant Go West (Doc. 24-2); (3) a service agreement between Defendant Go West and Defendant American Aviation (Doc. 24-3); (4) an insurance policy held by Defendant American Aviation (Doc. 24-4); and (5) communications between Defendant Go West's and Plaintiffs' counsel (Docs. 24-5; 24-6; 24-7).

Generally, a district court may not consider extrinsic evidence in determining the legal sufficiency of a complaint's allegations under a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "[I]f a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

A court may consider outside evidence without converting the motion to a summary judgment motion under two circumstances. One, a court may take judicial notice of matters of public record in considering a 12(b)(6) motion. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Two, a court may consider evidence on which the complaint necessarily relies if its authenticity is uncontested under the incorporation by reference doctrine. *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013); *Lihosit v. Flam*, No. CV-15-01224-PHX-NVW, 2016 WL 2865870, at *3 (D. Ariz. May 17, 2016). The complaint must "refer extensively" to the extrinsic evidence or the evidence must form the basis of or be integral to the plaintiff's claim in order to be admissible under the incorporation by reference doctrine. *Ritchie*, 342 F.3d at 907. Mere mention of the existence of a document is insufficient. *Id.* at 908.

The proposed exhibits are not matters of public record. Nor does Plaintiffs' Complaint necessarily rely on the existence of any of the exhibits attached to Plaintiffs' Response. As neither exception applies here, and as the Court finds it is inappropriate to convert the present Motion to Dismiss to a motion for summary judgment at this pre-discovery stage of the case, the Court will exclude the exhibits attached to Plaintiffs'

Response from consideration at this time.

### b. Negligence and Gross Negligence

"To establish a claim for negligence, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007). A plaintiff must establish the existence of a duty of care as a threshold matter before a negligence action can be maintained. *Id.* Duty is an obligation requiring the defendant to conform to a certain standard of conduct in order to protect others against unreasonable risks. *Ontiveros v. Borak*, 667 P.2d 200, 204 (Ariz. 1983). The Arizona Supreme Court has recognized two factors in evaluating the existence of a duty: (1) the relationship between the parties and (2) public policy considerations. *Gipson*, 150 P.3d at 231–33. While no special or direct relationship is required, duties of care based on relationship can be based on contract, family relationships or conduct undertaken by the defendant. *Id*. Public policy creating a duty can arise from a statute prohibiting conduct if the statute is designed to protect the class of persons in which the plaintiff is included against the risk of the type of harm which in fact occurs as a result of the violation. *Id*. at 233.

### i. Duty as a Common Carrier

Plaintiffs assert that Defendant Go West owed them a duty of care arising out of the special relationship between a common carrier and its passengers. (Doc. 1 at 10). Defendant Go West argues that it is a not a common carrier that owed a duty to Plaintiffs. (Doc. 21 at 6–7). Defendant Go West further argues that even if it does qualify as a common carrier to the extent that it provided Plaintiffs transportation on a tour bus to the Page, Arizona airport, where the passengers took the flight underlying this case, any duty it owed would have ended after transporting the passengers and after the passengers boarded the flight with Defendant American Aviation, a different carrier. (*Id.* at 7–8).

Arizona common law recognizes a reasonable duty of care based on the relationship between a common carrier and its passengers. *Nunez v. Pro. Transit Mgmt. of Tucson, Inc.*,

271 P.3d 1104, 1109 (Ariz. 2012). "[T]he dominant factor in fixing common carrier status at common law is the presence of a 'holding out' to transport the property or person of any member of the public who might choose to employ the proffered service." *Las Vegas Hacienda, Inc. v. C. A. B.*, 298 F.2d 430, 434 (9th Cir. 1962); *see also Ariz. Corp. Comm'n v. Reliable Transp. Co.*, 346 P.2d 1091, 1100 (Ariz. 1959) ("The concept of 'the public' in this area includes those persons or compa[nies] which require or may require the particular type of service furnished by the motor carrier."). Likewise, in the slightly different context of common carriers by air, this Court found that "what matters is that [the carrier] offers its services indiscriminately to anyone willing to accept its terms" of transportation. *Cooley v. Air Methods Corp.*, No. CV-19-00850-PHX-DLR, 2020 WL 2111969, at *2 (D. Ariz. May 4, 2020).

Plaintiffs allege that,

> Because Go West planned and controlled all aspects of the vacation tour of the western United States, and because the Passengers on the trip placed their safety and well-being in the hands of Go West during the tour, Go West had and has a special legal relationship with the Passengers and their loved ones called the common carrier-passenger relationship.

(Doc. 1 at 10). This allegation does not plausibly give rise to the existence of a common carrier-passenger relationship. While Plaintiffs' allegations mention a tour bus, the Complaint does not demonstrate how Defendant Go West holds itself out or offers its services to transport any member of the public beyond the conclusory allegation that "Go West holds itself out as … a common carrier in the United States and Arizona for foreign visitors." (Doc. 1 at 9).

Even if Defendant Go West qualifies as a common carrier, the Supreme Court has found that common carriers do not owe a duty based on that relationship when acting outside their performance as a common carrier. *Santa Fe, P. & P. R. Co. v. Grant Bros. Const. Co.*, 228 U.S. 177, 185 (1913); *see also Doe v. Uber Techs., Inc.*, No. 19-CV-03310-JSC, 2019 WL 6251189, at *6 (N.D. Cal. Nov. 22, 2019) ("Under California law, common carrier liability does not attach for injuries to intended passengers who have not yet boarded

6

or attempted to board the common carrier, and it has ended when the passenger has safely exited the carrier."). To that end, the Ninth Circuit has held that "[a] common carrier has no liability, per se, for the torts committed by a connecting carrier." *Rookard v. Mexicoach*, 680 F.2d 1257, 1260 (9th Cir. 1982); *Louisville & N.R. Co. v. Chatters*, 279 U.S. 320, 330 (1929). However, the Ninth Circuit "has recognized that a common carrier's duty of care may include warning the passenger of reasonably foreseeable risks that may be encountered during transportation or at the terminus." *Brasseur v. Empire Travel Serv., Inc.*, 72 F.3d 135, at *1 (9th Cir. 1995) (citing *Mexicoach*, 680 F.2d at 1260). "This duty to warn terminates once the passenger is discharged into a relatively safe space." *Id.*; *Mexicoach*, 680 F.2d at 1260 (no duty to warn plaintiffs of dangers they might encounter after being discharged from bus). *But see Tradewind Transp. Co. v. Taylor*, 267 F.2d 185, 188 (9th Cir. 1959) (acknowledging tour company owed passengers duty of ordinary care to warn about unreasonable risk of harm and dangerous conditions known to company and unknown to passengers).

Here, Plaintiffs do not provide sufficient facts in their Complaint to show that Defendant Go West owed a duty of care as a common carrier regarding their various allegations. Plaintiffs allege that Defendant Go West owed duties of care to recommend and refer charter flight operators of a certain standing, avoid contracting with certain parties, and refrain from misrepresentations and omissions in promoting and selling its tours. (Doc. 1 at 10–11). Should Plaintiffs allege further facts to demonstrate Go West qualifies as a common carrier, these alleged duties all encompass conduct outside the scope of Defendant Go West's services of transporting Plaintiffs on a tour bus. To the extent that a common carrier may owe a duty to warn about any risks of harm known to the carrier and unknown to its passengers, Plaintiffs Complaint proposes that Defendant Go West owed a duty to warn based on its alleged fiduciary duty as Plaintiffs' agent, not as a common carrier. (*Id.* at 10).

All told, Plaintiffs failed to allege facts sufficient to demonstrate that Defendant Go West is a common carrier. Additionally, even if Plaintiffs had established that Go West

was a common carrier, Plaintiffs' Complaint does not demonstrate how Defendant Go West's alleged common carrier duties apply to conduct outside of its transportation.

### ii. Duty as an Agent

Plaintiffs also assert that Defendant owed a fiduciary duty to Plaintiffs arising out of an agency relationship. (Doc. 1 at 10). Defendant argues that Plaintiffs arranged their trip with a European travel agent; Defendant was not their travel agent and was at most a tour operator; and thus, Defendant did not owe a duty premised on an agent-principal relationship to Plaintiffs. (Doc. 21 at 8–9).

"Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Goodman v. Physical Res. Eng'g, Inc.*, 270 P.3d 852, 856 (Ariz. Ct. App. 2011) (quoting Restatement (Third) of Agency § 1.01 (2006)). In determining whether an agency relationship exists, courts consider the relation of the parties to one another and to the subject matter, as well as their acts and pattern of conduct. *Phx. W. Holding Corp. v. Gleeson*, 500 P.2d 320, 325–26 (Ariz. Ct. App. 1972). Specifically, "a court must find that the principal had the right to control the purported agent's conduct for the transaction at issue." *Urias v. PCS Health Systems, Inc.*, 118 P.3d 29, 36 (Ariz. Ct. App. 2005); *Bultemeyer v. Sys. & Servs. Techs., Inc.*, No. CV12-0998-PHX-DGC, 2012 WL 4458138, at *6 (D. Ariz. Sept. 26, 2012) ("Agency 'results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.'" (quoting Restatement (First) of Agency § 1 (1933))).

To that end, "[g]enerally, commercial transactions do not create a fiduciary relationship unless one party agrees to serve in a fiduciary capacity." *Cook v. Orkin Exterminating Co., Inc.*, 258 P.3d 149, 152 (Ariz. Ct. App. 2011). Under Arizona law, a commercial services contract where a customer relies on a service provider's expertise and specialized knowledge does not create a fiduciary relation and oblige a service provider to

act for the customer's benefit. *Id.* "The law does not create a fiduciary relation in every business transaction involving one party with greater knowledge, skill, or training, but requires peculiar intimacy or an express agreement to serve as a fiduciary." *Id.* (citations omitted).

Here, Plaintiffs do not allege any manifestation of an agency relationship between the parties. The facts do not show that they contracted directly with Defendant Go West or that, if such contract does exist, Defendant Go West agreed to serve Plaintiffs in a fiduciary capacity. The facts also do not demonstrate that Plaintiffs exercised any degree of control over Defendant Go West's conduct for its contract with Defendant American Aviation. Instead, the parties—rather than creating a fiduciary relationship—at most created a contractual arrangement under which Defendant agreed with either Plaintiffs or with a third-party travel agent to perform tour services and Plaintiffs agreed to pay for those services. *See Urias*, 118 P.3d at 35 (citation omitted) ("A commercial contract creates a fiduciary relationship only when one party agrees to serve in a fiduciary capacity."). Thus, Plaintiffs have not plead facts sufficient to plausibly allege a duty arising out of an agent-principal relationship.

### iii. Duty Based on Contract

Plaintiffs argue in their Reply that a special duty of care relationship exists based on contract. (Doc. 24 at 6). Under Arizona law, a duty of care can arise out of special relationships formed by contract. *Cal-Am Props. Inc. v. Edais Eng'g Inc.*, 509 P.3d 386, 389 (Ariz. 2022) ("Special relationships that give rise to a duty in negligence include legally recognized common law relationships and those formed by contract, familial relationship, or joint undertaking."). In finding a duty of care pursuant to a special relationship formed by contract, Arizona courts have identified a duty where the plaintiff and defendant formed a special relationship via contract that entailed a duty of care owed by the defendant to the plaintiff. *Stanley v. McCarver*, 92 P.3d 849, 852 (Ariz. 2004) (noting that an "express contractual physician-patient relationship clearly gives rise to a duty to the patient"); *Forbes v. Romo*, 601 P.2d 311, 314 (Ariz. Ct. App. 1979) (finding a

duty of care was created by contract between landlord and tenant). Additionally, Arizona courts have found that a "duty to exercise care for the benefit of third parties may arise from a contractual relationship" only when a party expressly assumes a duty of care owed by the other party to the contract. *Shanks v. Davey Tree Surgery Co.*, 845 P.2d 483, 486 (Ariz. Ct. App. 1992).

Neither circumstance where a duty of care may arise out of contract exists here. Plaintiffs' allegations focus on a contract that existed between Defendant Go West and Defendant American Aviation, not a contract between Defendant Go West and Plaintiffs. *Forbes*, 601 P.2d at 314 ("Traditionally no cause of action in tort for negligence arises from breach of a duty created by virtue of a contract unless there exists between the defendant and the injured person privity of contract."). Plaintiffs do not identify any special relationship formed by a contract with Defendant Go West that resulted in a duty of care owed. Nor do Plaintiffs allege that Defendant Go West expressly assumed a duty of care owed by Defendant American Aviation. Without such facts, Plaintiffs' argument that Defendant Go West owes a duty of care arising out of a contractual relationship fails to state a plausible claim for relief.

In sum, Plaintiffs fail to allege facts that demonstrate a duty of care under any of their theories of duty. However, because such facts may exist, the Court will grant Plaintiffs leave to amend to cure to the deficiencies of their Complaint.

### iv. Duty Arising from Vicarious Liability

#### 1. Joint Venture Liability

Plaintiffs allege that even if they cannot establish a claim against Defendant Go West directly, Defendant Go West is vicariously liable for all actions of Defendant American Aviation as the parties were engaged in a joint venture. (Doc. 1 at 9–10).

In Arizona, "[a] joint venture is a form of partnership." *Paragon Bldg. Corp. v. Bankers Tr. Co.*, 567 P.2d 1216, 1217 (Ariz. Ct. App. 1977); s*ee also Ellingson v. Sloan*, 527 P.2d 1100, 1103 (Ariz. Ct. App. 1975) ("While it is often said that a joint venture is merely a 'partnership for a single transaction,' it is more accurate to say that it is 'usually,

but not necessarily, limited to a single transaction.'" (citations omitted)). "To constitute a valid joint venture under Arizona law, there must exist: (1) a contract; (2) a common purpose; (3) a community of interest; (4) an equal right to control; and (5) participation in the profits and losses." *Tanner Cos. v. Superior Court*, 696 P.2d 693, 695 (Ariz. 1985) (citing *Ellingson v. Sloan*, 527 P.2d at 1103); *see also Sparks v. Republic Nat. Life Ins. Co.*, 647 P.2d 1127, 1138 (Ariz. 1982). "Joint venturers share full liability in agency and in tort." *Tanner*, 696 P.2d at 695. The party alleging the existence of a joint venture bears the burden to prove each element. *Griffin Aerosat USA*, No. 2:10-CV-01838 JWS, 2010 WL 4580192, at *6 (D. Ariz. Nov. 2, 2010).

While Plaintiffs acknowledge the five factors necessary to establish a joint venture, Plaintiffs do not allege facts to establish that these factors have been met. (Doc. 24 at 6). Plaintiffs allege that Defendant Go West contracted with Defendant American Aviation and that they acted in concert, but they do not identify what the contract entailed. (Doc. 1 at 3, 10). Moreover, while Plaintiffs allege that "Go West received financial or other benefits by providing its tour customers to American Aviation," this allegation does not propose the kind of sharing in profits and losses as contemplated by joint venture or partnership. (*Id.* at 11); *see Ellingson*, 527 P.2d at 386 ("The term 'losses' is not limited to monetary losses, but includes time expenditures and out-of-pocket expenses, especially where one party in a joint venture furnishes property and the other only services"). Plaintiffs' Complaint fails to allege any facts that Defendant Go West exercised any control over Defendant American Aviation's allegedly negligent conduct that Plaintiffs outline, such as failing to properly provide safety instructions, inspect and maintain the plane, or help rescue passengers. (Doc. 1 at 8). Plaintiffs also fail to identify facts suggesting a community of interest. *McClure v. Country Life Ins. Co.*, 326 F. Supp. 3d 934, 945 (D. Ariz. 2018), *aff'd*, 795 F. App'x 548 (9th Cir. 2020) (identifying community of interest where defendants had shared interest in one's financial performance, were treated as a single unit, employed the same lawyers, and in-house attorney was unsure which defendant was his employment). As alleged, the facts do not give rise to a plausible inference of a

joint venture, and Plaintiff's negligence claims fail on a theory of joint venture liability.

### 2. Vicarious Liability for Dame Seck's Conduct

Plaintiffs also allege that Defendant Go West is vicariously liable for Defendant Dame Seck's conduct. (Doc. 1 at 9). In Arizona, to establish that a defendant is vicariously liable for its employee's negligence, a plaintiff must first establish the employee's conduct was negligent. *Debruyn v. Hernandez*, No. CV-17-01424-PHX-DJH, 2019 WL 2359247, at *3 (D. Ariz. June 4, 2019) ("Under Arizona law, dismissal of the negligence claim against the employee necessitates dismissal of the vicarious liability claim against the employer."). Furthermore, a plaintiff must show that the defendant and employee were in a principal-agent relationship and that the employee was acting within the scope of employment when its allegedly negligent conduct occurred. *Id.*; *Engler v. Gulf Interstate Eng'g, Inc.*, 280 P.3d 599, 601 (Ariz. 2012).

Thus, for Defendant Go West to be vicariously liable for negligent acts and omissions committed by Dame Seck, Plaintiffs first have to demonstrate that Defendant Dame Seck was negligent. Here, Plaintiffs have failed to do so. The Complaint fails to allege that Defendant Dame Seck owed a duty of care to Plaintiffs, breached that duty of care, or was the actual and proximate cause of Plaintiffs' alleged injuries. Furthermore, the Complaint merely states in a conclusory fashion that "Go West is responsible and liable for the acts and omissions of its agents, contractors, and/or employees discussed herein, including the tour guide Dame Seck, based on the doctrines of respondeat superior and vicarious liability" without alleging facts that show an agency relationship between Defendant Dame Seck and Defendant Go West existed. (Doc. 1 at 9).

Ultimately, because Plaintiffs have not plead sufficient facts to sustain a claim based on direct or vicarious liability, the Court will grant Defendant Go West's Motion to Dismiss. However, as the pleading could be cured by allegations of other facts, Plaintiffs will be granted leave to amend.

### c. Wrongful Death Claims

Defendant also argues that Plaintiffs fail to properly plead their two wrongful death

claims, as the claims are brought on behalf of all Plaintiffs. (Doc. 21 at 12). Arizona's wrongful death statute provides that:

> An action for wrongful death shall be brought by and in the name of the surviving husband or wife, child, parent or guardian, or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.

A.R.S. § 12-612(A). Thus, "a wrongful death action in Arizona in Arizona involves only one statutory plaintiff brought for and on behalf of the statutory beneficiaries." *Torres v. Maricopa Cnty.*, No. 1 CA-CV 23-0768, 2024 WL 4442857, at *1 (Ariz. Ct. App. Oct. 8, 2024). Here, the Complaint does not identify the individual statutory Plaintiff for each of Plaintiffs' wrongful death claims, and as such, the Complaint fails to state wrongful death claims upon which relief may be granted. Plaintiffs will be given leave to amend to remedy this deficiency.

### d. Negligent Infliction of Emotional Distress

Defendant Go West also seeks to dismiss Plaintiff Charlene Papia's negligent infliction of emotional distress claim. (Doc. 21 at 12). The Complaint alleges that Defendant Go West's conduct caused "Plaintiff Charlene Papia to experience harm and directly observe said harm to Francois Adinolfi, which caused her to suffer emotional distress." (Doc. 1 at 12). Under Arizona law,

> [n]egligent infliction of emotional distress requires that the plaintiff witness an injury to a closely related person, suffer mental anguish that manifests itself as a physical injury, and be within the zone of danger so as to be subject to an unreasonable risk of bodily harm created by the defendant.

*Villareal v. State, Dep't of Transp.*, 774 P.2d 213, 220 (Ariz. 1989). Here, while the Complaint is clear that Plaintiff Charlene Papia was within the zone of danger as a passenger on the plane (Doc. 1 at 6), the Complaint does not allege that Plaintiff Papia was closely related to Francois Adinolfi or that her mental anguish manifested itself as a physical injury. Thus, Plaintiff Charlene Papia fails to state a claim for negligent infliction

13

of emotional distress, and this claim must be dismissed. However, because additional facts could cure the identified deficiency, Plaintiff Papia will be granted leave to amend.

### IV.    CONCLUSION

All told, "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A district court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

While Plaintiffs only need to allege enough facts to "plausibly give rise to an entitlement to relief," that has not occurred here. *Iqbal*, 556 U.S. at 679. Therefore, the Complaint fails to satisfy the pleading standards set forth by Rule 8 and 12(b)(6), and its dismissal is both warranted and necessary. However, as allegations of additional facts can potentially cure all of Plaintiffs' claims, Plaintiffs will be granted leave to amend Count Two to cure the deficiencies identified by the Court throughout this ordered.

Accordingly,

**IT IS ORDERED** that Defendant Go West Tours Incorporated's Motion to Dismiss (Doc. 21) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiffs' Count Two against Defendant Go West is **dismissed without prejudice and with leave to amend** to correct the deficiencies identified in this Order.

**IT IS FURTHER ORDERED** that Plaintiffs may file an amended complaint no later than **January 7, 2025.**

Dated this 26th day of November, 2024.

Honorable Steven P. Logan
United States District Judge

14