WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ludivine Farouault, et al.,<br><br>            Plaintiffs,<br>vs.<br><br>American Aviation Incorporated, et al.,<br><br>            Defendants. | No. CV-24-08159-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant Dame Seck's ("Defendant") Motion to Dismiss (Doc. 48), Plaintiffs' Response (Doc. 50), and Defendant's Reply (Doc. 51). For the following reasons, the Motion is granted.

**I.     BACKGROUND**

This case arises out of an airplane crash that took place in Cococino County, Arizona, on August 13, 2022. (Doc. 29 at 4). The passengers were French tourists who took a sightseeing flight tour on a charter plane over Lake Powell. (*Id.* at 4–6). The passengers' trip was organized with Defendant Go West, who contracted the flight tour with Defendant American Aviation Incorporated ("Defendant American Aviation"). (*Id.* at 5). Plaintiffs allege that Defendant American Aviation had a history of flight crashes requiring investigation—including a 2014 crash that resulted in the death of a French citizen—and numerous violations of state and federal flight regulations. (*Id.* at 5). Plaintiffs initially purchased their tour package with Defendant Go West through a travel agency, TUI France. (*Id.* at 6). Defendant Go West's employee, Defendant Dame Seck, collected

and confirmed various information about the passengers to Defendant American Aviation and transported the passengers to the sightseeing flight. (*Id.* at 6–7). The flight crashed into Lake Powell and caused the death of two passengers, Lionel Farouault and Francois Adinolfi, and caused physical injuries to Plaintiffs Ludivine, Emeline, and Clarence Farouault and Charlene Papia. (Doc. 29 at 7).

On August 9, 2024, Plaintiffs filed suit in federal court pursuant to 28 U.S.C. § 1332(a), bringing various negligence claims arising from their personal injuries and the wrongful deaths of decedents. (Doc. 1). Along with Plaintiffs Ludivine, Emeline, and Clarence Farouault and Charlene Papia, Plaintiffs include Marguerite Farouault, Claude Adinolfi, and Christine Duputel, relatives of the deceased passengers. (*Id.* at 1; Doc. 29 at 2). On January 7, 2025, Plaintiff filed a First Amended Complaint (Doc. 29). Subsequently, Defendant Dame Seck was served in this action (Doc. 46), who, after appearing, filed the present Motion to Dismiss (Doc. 48).

## II.   LEGAL STANDARD

"To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8." *Jones v. Mohave Cnty.*, No. CV 11-8093-PCT-JAT, 2012 WL 79882, at *1 (D. Ariz. Jan. 11, 2012); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) (Rule 12(b)(6) provides "the one and only method for testing" whether pleading standards set by Rule 8 and 9 have been met); *Hefferman v. Bass*, 467 F.3d 596, 599–600 (7th Cir. 2006) (Rule 12(b)(6) "does not stand alone," but implicates Rules 8 and 9). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *In re Sorrento Therapeutics, Inc. Sec. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024) (citation omitted). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). "Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation." *Jones*, 2012 WL 79882, at *1 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### III.   DISCUSSION

Defendant Dame Seck moves to dismiss Plaintiffs' Count II, which raises claims of negligence, negligent infliction of emotional distress, and gross negligence against him. (Doc. 48). Defendant argues that Plaintiffs negligence and gross negligence claims necessarily fail because Plaintiffs did not allege facts showing that Defendant owed a duty of care to Plaintiffs. (*Id.* at 2).

"To establish a claim for negligence, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007). A plaintiff must establish the existence of a duty of care as a threshold matter before a negligence action can be maintained. *Id.* Duty is an obligation requiring the defendant to conform to a certain standard of conduct in order to protect others against unreasonable risks. *Ontiveros v. Borak*, 667 P.2d 200, 204 (Ariz. 1983). The Arizona Supreme Court has recognized two factors in evaluating the existence of a duty: (1) the relationship between the parties and (2) public policy considerations. *Gipson*, 150 P.3d at 231–33. While no special or direct relationship is required, duties of care based on relationship can be based on contract, family relationships, or conduct undertaken by the defendant. *Id*. Public policy creating a duty can arise from a statute prohibiting conduct if the statute is designed to protect the class of persons in which the plaintiff is included against the risk of the type of harm which in fact occurs as a result of the violation. *Id.* at 233.

Plaintiffs allege that Defendant owed them a duty of care (1) arising out of a travel

agent-customer fiduciary relationship, or alternatively, (2) because he assumed a duty. (Doc. 29 at 13, 22). As this Court explained in its July 17, 2025 Order dismissing Plaintiffs' claims against Defendant Go West, which were premised on the same theories of liability, Plaintiffs fail to establish that a duty existed under either argument. (Doc. 52).

### a. Duty Arising from Agency Relationship

"Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Goodman v. Physical Res. Eng'g, Inc.*, 270 P.3d 852, 856 (Ariz. Ct. App. 2011) (quoting Restatement (Third) of Agency § 1.01 (2006)). In determining whether an agency relationship exists, courts consider the relation of the parties to one another and to the subject matter, as well as their acts and pattern of conduct. *Phx. W. Holding Corp. v. Gleeson*, 500 P.2d 320, 325–26 (Ariz. Ct. App. 1972). Specifically, "a court must find that the principal had the right to control the purported agent's conduct for the transaction at issue." *Urias v. PCS Health Systems, Inc.*, 118 P.3d 29, 36 (Ariz. Ct. App. 2005); *Bultemeyer v. Sys. & Servs. Techs., Inc.*, No. CV12-0998-PHX-DGC, 2012 WL 4458138, at *6 (D. Ariz. Sept. 26, 2012) ("Agency 'results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.'" (quoting Restatement (First) of Agency § 1 (1933))).

To that end, "[g]enerally, commercial transactions do not create a fiduciary relationship unless one party agrees to serve in a fiduciary capacity." *Cook v. Orkin Exterminating Co., Inc.*, 258 P.3d 149, 152 (Ariz. Ct. App. 2011). Under Arizona law, a commercial services contract where a customer relies on a service provider's expertise and specialized knowledge does not create a fiduciary relation or oblige a service provider to act for the customer's benefit. *Id.* "The law does not create a fiduciary relation in every business transaction involving one party with greater knowledge, skill, or training, but requires peculiar intimacy or an express agreement to serve as a fiduciary." *Id.* (citations

omitted).

As this Court has previously explained, case law regarding duties owed by travel agents versus mere tour operators and illuminating the line between "travel agents" and "tour operators" is sparse. (Doc. 52 at 6). The Court is aware of only one case in which an Arizona court has addressed the issue of the duty of care owed by travel professionals in a similar context: *Maurer v. Cerkvenik-Anderson Travel, Inc.*, 890 P.2d 69 (Ariz. Ct. App. 1994).[1] While *Maurer* is helpful to understand what the duty of care entails, it fails to articulate the circumstances in which a duty arises beyond its reliance on "principles governing agency relationships." *Id.* at 71. Thus, as with this Court's analysis of Defendant Go West's Motion to Dismiss, the Court will turn to general agency principles for guidance in determining whether a principal-agent relationship existed between Plaintiffs and Defendant. (*Id.* at 7). Indeed, the persuasive authority Plaintiffs raise in their Response—an under-advisement ruling in a Cococino County Superior Court case—also concluded that "[t]his issue requires a factual determination regarding the principal agency relationship" and characterized the relationship as a fiduciary relationship. (Doc. 50 at 6 (citing *Fox v. Grand Canyon Custom Tours, Inc.*, Coconino County Superior Court Case No. 2017-00163, 2018 WL 10159722, at FOX_003–05 (Oct. 8, 2018))).

All told, the Court finds that the FAC does not allege facts that give rise to the plausible inference that Plaintiffs assented to Defendant Seck that he shall act on their behalf and subject to their control and that Defendant Seck consented to such control, as required to form a principal-agent relationship. As noted in the Court's previous Order (Doc. 52 at 7), Defendant Dame Seck presented himself as a "tour guide," offered the Lake Powell sightseeing flight as an optional excursion, and collected the names and weights of tourists who signed up for the flight excursion. (Doc. 29 at 6). Plaintiffs further allege that

---

[1] The subheading in *Maurer* examining the facts of the case reads "Duty of Travel Agents/Tour Operators." *Maurer v. Cerkvenik-Anderson Travel, Inc.*, 890 P.2d at 71. This is the only time the term "tour operators" is mentioned in the case, which primarily focuses on principles governing agency relationships. *Id.* Thus, the Court does not find that *Maurer* stands for the principle that tour operators unconditionally owe a duty of care arising out of an agency relationship absent other facts establishing an agency relationship.

Defendant Dame Seck provided advice to the tourists and that the tourists "trusted Mr. Seck and sought his advice" and relied on his experience, knowledge, and recommendation. (*Id.* at 19). But these facts, without facts showing a reciprocal manifestation of assent to be in a principal-agent relationship, do not establish a duty of care arising out of an agency relationship. "Mere trust in another's competence or integrity does not suffice" to create a fiduciary relationship. *Standard Chartered PLC v. Price Waterhouse*, 945 P.2d 317, 335 (Ariz. Ct. App. 1996), *as corrected on denial of reconsideration* (Jan. 13, 1997). Moreover, a business transaction or commercial contract only creates an agency or fiduciary relationship when one party agrees to serve in a fiduciary capacity, which did not occur here. *See Urias*, 118 P.3d at 35; *Standard Chartered*, 945 P.2d at 335 (finding no fiduciary relationship imposing duty of care where defendant "pitched hard" and attempted to persuade plaintiff to pursue business opportunity); *Barkhurst v. Kingsmen of Route 66, Inc*., 323 P.3d 753, 758 (Ariz. Ct. App. 2014) (finding no duty of care for promoter of event that did not control, organize, or supervise the promoted event held by third parties at which plaintiff was injured).

As with their claims against Defendant Go West, Plaintiffs also fail to demonstrate that they manifested assent for Defendant Dame Seck to act on their behalf and subject to their control and that Defendant Dame Seck, in kind, manifested assent to act on their behalf and subject to their control. Because Plaintiffs have failed to purport facts showing that a principal-agent relationship existed, they have not alleged facts sufficient to establish that Defendant Seck owed Plaintiffs a duty of care arising out of an agency relationship.

### b. Assumption of Duty of Care

Plaintiffs assert that "[t]our operators may also be liable for additional duties undertaken or assumed and negligently performed . . . such as a tour guide who negligently directs the tour group into a hazardous situation" and allege that Defendant Dame Seck assumed a duty to the passengers when they offered the flight over Lake Powell. (Doc. 29 at 22–23). Plaintiffs do not cite any legal authority for this proposition, nor This theory of liability also fails.

Arizona follows the Restatement (Second) of Torts § 323 in assessing whether an individual has assumed a duty of care and, if so, the extent of his or her liability. *Lloyd v. State Farm Mut. Auto. Ins. Co.*, 860 P.2d 1300, 1303 (Ariz. Ct. App. 1992). Section 323 provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) His failure to exercise such care increases the risk of such harm, or
>
> (b) The harm is suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts § 323 (1965). This assumption of duty is also known as the "Good Samaritan" doctrine. *Bergdale v. Countrywide Bank FSB*, CV-12-8057-PCT-GMS, 2013 WL 105295, at *7 (D. Ariz. Jan. 9, 2013). As the Court found in its previous Order dismissing Plaintiffs' claims against Defendant Go West, this doctrine is inapplicable to the current case, as offering tour guide services and promoting a flight excursion are not for the specific purpose of protecting another or their things from harm. (Doc. 52 at 9). Thus, while it may be true that a party may breach a duty by negligently directing them to a hazardous condition, Plaintiffs have not established that Defendant Dame Seck owed them such a duty in the first place, either by undertaking or assuming such a duty or otherwise.

### c. Negligent Infliction of Emotional Distress

Defendant Dame Seck seeks to dismiss all claims of the FAC against him. (Doc. 48 at 2). However, his Motion does not provide an argument for the dismissal of Plaintiffs Charlene Papia and Ludivine, Emeline, and Clemence Farouault's claim for Negligent Infliction of Emotional Distress ("NIED"). Under Arizona law,

> [n]egligent infliction of emotional distress requires that the plaintiff witness an injury to a closely related person, suffer mental anguish that manifests itself as a physical injury, and be

> within the zone of danger so as to be subject to an unreasonable risk of bodily harm created by the defendant.

*Villareal v. State, Dep't of Transp.*, 774 P.2d 213, 220 (Ariz. 1989). Although an action for negligent infliction of emotional distress does not expressly require proof of a duty, it "requires that there be an act that results . . . negligently, in another's emotional distress." *Doe I by & through Fleming & Curti PLC v. Warr*, 566 P.3d 342, 352 (Ariz. Ct. App. 2025). Here, the underlying alleged act against Defendant Dame Seck in the FAC is its alleged breach of duty—the failure to warn and negligent selection of a contractor where Defendant Seck had a duty to warn and act with reasonable care. *See id.*; (Doc. 29 at 19). As Plaintiffs have not sufficiently alleged facts from which the Court can plausibly infer that Defendant Seck owed a duty to Plaintiffs that it subsequently breached, Plaintiffs have not sufficiently alleged an underlying "act" that negligently resulted in Plaintiffs Charlene Papia and Ludivine, Emeline, and Clemence Farouault's emotional distress. Therefore, for the same reasons this Court dismissed Plaintiffs' NIED claim against Defendant Go West (Doc. 52 at 11), the NIED claim against Defendant Seck must be dismissed, as well.

**IV.    CONCLUSION**

All told, "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A district court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

While Plaintiffs only need to allege enough facts to "plausibly give rise to an entitlement to relief," that has not occurred here. *Iqbal*, 556 U.S. at 679. Specifically, Plaintiffs have not alleged facts that, taken as true, demonstrate that Defendant Dame Seck owed them a duty arising out of an agency relationship or assumption of a duty, and as such, Plaintiffs' negligence and gross negligence claims against Defendant fail. Additionally, Plaintiffs Charlene Papia and Ludivine, Emeline, and Clemence Farouault

failed to allege an underlying act committed by Defendant Same Seck that resulted in the negligent infliction of their emotional distress. Plaintiffs were previously given leave to amend their claims against Defendants Go West and Dame Seck, and thus they have had two chances to plead their claims. The Court need not continue to grant leave to amend in such circumstances. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."). Thus, Plaintiffs' claims against Defendant Dame Seck will be dismissed without leave to amend. Accordingly,

**IT IS ORDERED** that Defendant Dame Seck's Motion to Dismiss (Doc. 48) is **granted**. Plaintiffs' Count II: Negligence, Negligent Infliction of Emotional Distress, and Gross Negligence against Defendant Dame Seck is **dismissed with prejudice** and **without leave to amend**.

Dated this 12th day of August, 2025.

Honorable Steven P. Logan
United States District Judge